|     |     |
| --- | --- |
| 1   |     |
| 2   |     |
| 3   |     |
| 4   |     |
| 5   |     |
| 6   |     |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| TODD MICHAEL SCHULTZ, | No. 2:23-cv-10759-JAK (MRWx) |
| --- | --- |
| Plaintiff, | **ORDER RE EX PARTE REQUEST FOR EMERGENCY INJUNCTIVE RELIEF AND TEMPORARY RESTRAINING ORDER FROM MICHAEL C. THOMPSON AND GREGORY HOLMES (DKT. 12)** |
| v. | |
| MICHAEL C. THOMPSON, et al., | |
| Defendants. | |

1

Based on a review of the Ex Parte Request for Emergency Injunctive Relief and Temporary Restraining Order from Michael C. Thompson and Gregory Holmes (the "Request" (Dkt. 12)), as well as the Complaint (Dkt. 1), which is not a model of clarity, insufficient good cause has been shown for the requested relief. Therefore, the Request is **DENIED**, for the following reasons.

*First*, Plaintiff has not provided "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to [him] before [Defendant] can be heard in opposition . . . ." Fed. R. Civ. P. 65(b)(1)(A).

*Second*, Plaintiff has not shown a likelihood of success on any of the claims presented. Although the Complaint is difficult to follow and does not list the causes of action Plaintiff seeks to bring, Plaintiff appears to be trying to bring claims for copyright infringement, defamation, and intentional infliction of emotional distress. Dkt. 1 ¶ 1. As to defamation, the Complaint contains a list of videos allegedly created by the Defendants, but the Complaint does not identify the allegedly defamatory statements, nor does it contain evidence showing that they were made available to third parties, that they are false, or that they constitute statements of fact rather than statements of opinion. *See id.* ¶ 9.

As to intentional infliction of emotional distress, the Complaint does not contain allegations showing the conduct at issue, the creation of YouTube videos, constitutes outrageous conduct. Nor is there evidence to substantiate any claim that Plaintiff suffered severe emotional distress. As to copyright infringement, Plaintiff has not shown entitlement to a temporary restraining order because the Complaint does not contain allegations that Defendants copied protectible elements from the preregistered work. Nor is the scope of Plaintiff's preregistration clear: the preregistration is alleged to be covering "a work on cyberstalking and copyright infringement actually and I would like to include every livestream [I've] ever posted on my Youtube Channels. It could end

[up] being a 7-9 hour work and delivered serially, but it's a good cause and a worthy subject for someone who has been put through the mill, as Judy might say." Dkt. 1 ¶ 8. It is unclear whether Plaintiff's application for preregistration was timely. If not, Plaintiff cannot prevail. *See, e.g.*, 17 U.S.C. § 408(f)(4). It is also unclear whether Plaintiff provided adequate notice to Defendants prior to fixation of the work and whether the work is or will be registered in a timely manner. *Id.* § 411(c).

*Third*, a request for a prior restraint on speech by a person requires the application of heightened standards and other issues under the First Amendment. Plaintiff has not provided any basis for a claim that any irreparable harm to him during the period that the requested restraining order would be in place, would outweigh any harm to Defendants for restrictions on their speech.

*Finally*, based on the foregoing, and in light of the present record, the public interest weighs against a temporary restraining order.

**IT IS SO ORDERED.**

Dated: January 5, 2024

_____
John A. Kronstadt
United States District Judge

3