**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TODD MICHAEL SCHULTZ,<br><br>   Plaintiff,<br><br>v.<br><br>MICHAEL C. THOMPSON, et al.,<br><br>   Defendants. | No. 2:23-cv-10759-JAK (MRWx)<br><br>**ORDER RE EX-PARTE APPLICATIONS FOR CLARIFICATION ON PREREGISTRATION DATES AND DEADLINES TO REGISTER, RELIEF IN LEGAL BILLS AND SCRUTINY OVER PAST STATEMENTS AND ASSOCIATED RELIEF (DKTS. 16, 17)** |

1

Based on a review of the Ex-Parte Applications for Clarification on Preregistration Dates and Deadlines to Register, Relief in Legal Bills and Scrutiny Over Past Statements and Associated Relief (the "Applications" (Dkts. 16, 17)), insufficient good cause has been shown for the requested relief. Therefore, the relief requested through the Applications is **DENIED**, for the reasons stated in this Order.

It appears Plaintiff seeks the following ten forms of relief: (a) declaratory judgment as to the timeliness of his copyright preregistration and as to the necessary deadline(s) for registering his copyrights; (b) an order compelling Defendants to turn over certain video files allegedly in their possession; (c) an order requiring Defendants to pay for counsel for Plaintiff; (d) an order that Defendants stop communicating with Plaintiff until the case is resolved; (e) sanctions against Google's counsel for making an argument that was rejected in Plaintiff's prior case; (f) an order expediting this litigation; (g) certain discovery from Google; (h) the Court investigate certain conduct by YouTube; (i) the Court identify every deficiency in the materials Plaintiff has submitted; and (j) additional injunctive and declaratory relief against the Defendants.

The relief sought in items (a), (c), (f), and (g) is premature. Assuming this action proceeds, the timeliness of Plaintiff's copyright preregistration and any subsequent registrations will have to be resolved based on discovery and thereafter potentially by a motion for summary judgment or at a trial. Further, although Plaintiff's probability of success can sometimes be evaluated in the context of a temporary restraining order, issuing a ruling on the legal issues raised by Plaintiff without providing Defendants with an opportunity to respond is not appropriate. Also, ruling on a dispute that has not yet been presented by the parties would require the issuance of an advisory opinion, which is not permitted. *Cf. North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("To be cognizable in a federal court," a dispute must "touch[] the legal relations of parties having adverse legal interests," among other things.). An award of attorney's fees may be available to Plaintiff, but they cannot be awarded unless and until he has incurred them, and has

prevailed on at least one of the claims for which an award of such fees is available. A schedule for this litigation cannot be set until Defendants are served and any motions to dismiss are resolved. Similarly, discovery will not commence until after all parties have appeared.

With respect to items (b) and (d), the Applications are denied for the same reasons as the prior application for a TRO. Although Plaintiff has submitted an affidavit, it does not cure the deficiencies identified in the previous order. *Compare* Dkt. 14 *with* Dkt. 15.

As for item (e), making an unsuccessful argument in a previous case is not a *per se* basis for an award of sanctions in a subsequent case. Further, an award of sanctions would have to be based on a finding that the argument was frivolous, not that it was simply incorrect.

Items (h) and (i) are inconsistent with the role of a judge in an adversarial system. That role is to serve as an impartial bench officer by ruling on cases and controversies presented by both parties; it is not to conduct investigations. Items (h) and (i) also present issues as to due process and the issuance of advisory opinions.

Finally, as to item (j), the additional relief requested is too vague to be granted.

In a related case, Plaintiff was previously cautioned about filing any of the following: ex parte applications and other emergency motions in the absence of an emergency; motions for sanctions against opposing counsel without adequate legal support; motions seeking premature relief; and other similarly deficient motions. *See Schultz v. Thompson*, Case No. 2:23-cv-03452-JAK-MRW (C.D. Cal. Oct. 4, 2023), Dkts. 7, 43, 44, 49, 61, 62, 63, 83, 88, 89, 90, 94, 96. Those warnings apply to this matter. Accordingly, if Plaintiff makes further filings of this nature in this action, it may result in the issuance of an Order to Show Cause why sanctions should not be imposed and/or the matter dismissed.

**IT IS SO ORDERED.**

Dated:  January 16, 2024

_____
John A. Kronstadt
United States District Judge