UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD MICHAEL SCHULTZ,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICHAEL C. THOMPSON, et al.,<br><br>　　　　Defendants. | No. 2:23-cv-10759-JAK (MRWx)<br><br>**ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE DEEMED A VEXATIOUS LITIGANT** |

1

On December 22, 2023, Plaintiff Todd Michael Schultz filed the most recent action in a series of complaints related to his disputes with Defendants Michael C. Thompson, Gregory R. Holmes, and YouTube LLC, although other defendants have included the judge and two members of judicial staff who participated in Schultz's action in the California Superior Court against Thompson, Holmes, and YouTube. Plaintiff been repeatedly warned about filing plainly deficient pleadings and motions, but the stream of filings has continued unabated. For the reasons stated below, Plaintiff is **ORDERED TO SHOW CAUSE** why he should not be declared a vexatious litigant.

Central District of California Local Rule ("L.R.") 83-8 governs vexatious litigants. Local Rule 83-8.3, "Findings," states that a vexatious litigant order "shall be based on a finding that the litigant to whom the order is issued has abused the Court's process and is likely to continue such abuse, unless protective measures are taken." *See* L.R. 83-8.3. It is determined, as discussed more fully below, that Plaintiff has abused the Court's process and is likely to continue such abuse, unless protective measures are taken.

District courts should enter a pre-filing order only after a "cautious review of the pertinent circumstances." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Accordingly, the Ninth Circuit has set forth four factors that a court must examine before issuing a pre-filing order on a finding that a litigant is vexatious:

> [F]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants. Thus, [we have] outlined four factors for district courts to examine before entering pre-filing orders. First, the litigant must be given notice and a chance to be heard before the order is entered. Second, the district court must compile an adequate record for review. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation.

  Finally, the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered.

*Id.* (internal quotations and citations omitted).

  *First*, the Court hereby notifies Plaintiff that it is considering recommending that Plaintiff be deemed a vexatious litigant for the reasons set forth more fully below. As discussed below, Plaintiff must file a written response to this Order within 21 days of the date of this Order explaining why he should not be deemed a vexatious litigant.

  *Second*, Plaintiff is expressly notified that the following cases and filings demonstrate a pattern of frivolous and harassing filings by Plaintiff in this Court.

1. In *Schultz v. Thompson*, Case No. 23-cv-03452-JAK-MRW (C.D. Cal. Oct. 4, 2023), Plaintiff filed five different complaints, each of which raised many frivolous and extraneous issues, each of which was nearly impossible to understand, none of which made it possible to identify the claims that Plaintiff sought to bring, none of which came close to providing a short and plain statement of the claim showing that Plaintiff was entitled to relief, and each of which was so vague and ambiguous that Defendants could not reasonably have prepared a response. *See id.*, Dkts. 4, 12, 14, 27, 42.

2. In this action, *Schultz v. Thompson*, Case No. 23-cv-10759-JAK-MRW (C.D. Cal. Dec. 22, 2023), Plaintiff has filed a Complaint of the same nature as his pleadings in the prior action. *See* Dkt. 1.

3. In a related action, *Schultz v. Superior Ct. of Los Angeles*, Case No. 23-cv-10715-JAK-DTB (C.D. Cal. Dec. 20, 2023), Plaintiff filed a patently frivolous Complaint against the bench officer providing over one of his other lawsuits against Thompson, Holmes, and YouTube. *See* Dkt. 1. He also named the Superior Court of Los Angeles and two court employees as defendants. Like Plaintiff's other pleadings, the Complaint is nearly incomprehensible. In addition, Plaintiff's claims, to the extent they can be

ascertained, are clearly barred by judicial immunity. Even absent judicial immunity, a clerk's weeklong delay in docketing a filing, Plaintiff's desire that the Beverly Hills Courthouse staff provide more information about filing procedures, and Plaintiff's perception that one court employee was rude when she did not know the answer to one of Plaintiff's questions are clearly not a basis for any cause of action. Plaintiff's contention that these matters indicate that Judge Whitaker took bribes to impede Plaintiff's litigation efforts is especially frivolous. The Complaint is also deficient in several other respects. It appears that the Complaint was filed in bad faith and for the purpose of harassing the bench officer presiding over Plaintiff's case and the court employees assisting him.

4. In *Schultz v. Thompson*, Case No. 2:23-cv-03452-JAK-MRW (C.D. Cal. Oct. 4, 2023), Plaintiff filed a number of frivolous or harassing motions. They were frivolous and harassing, generally because they were filed on an emergency basis in the absence of any type of emergency, sought sanctions against opposing counsel without any rational basis, and/or sought inappropriate relief. *See* Dkts. 1, 7, 34, 39, 43, 44, 48, 49, 58, 59, 60, 61, 62, 63, 67, 71, 73, 79, 83, 88, 89, 90, 94, 95, 96 (frivolous and harassing motions filed by Schultz and orders ruling on them). They were also frivolous and harassing for the reasons stated in item one above. They were also frivolous and harassing due to the sheer number of meritless filings.

5. In this action, Plaintiff has filed three frivolous and harassing ex parte applications. *See* Dkts. 12, 16, 17. Like many of Plaintiff's previous filings, these are frivolous and harassing in that they were filed on an emergency basis in the absence of any type of emergency, sought sanctions against opposing counsel without any rational basis, and sought inappropriate relief. *See* Dkts. 14, 18.

6. In *Schultz v. Superior Ct. of Los Angeles*, Case No. 2:23-cv-10715-JAK-DTB (C.D. Cal. Dec. 20, 2023), Plaintiff filed a frivolous and harassing ex parte application. *See* Dkt. 14. This application is frivolous and harassing for the same reasons stated in connection with item three above. *See* Dkt. 44.

*Third*, Plaintiff has been repeatedly warned about several of the deficiencies in several of his pleadings and motions; in particular, he has been warned about filing ex parte applications and other emergency motions in the absence of any type of emergency; frivolous and harassing motions for sanctions against opposing counsel; and motions seeking relief that is patently premature or otherwise inappropriate. *See Schultz v. Thompson*, Case No. 2:23-cv-03452-JAK-MRW (C.D. Cal. Oct. 4, 2023), Dkts. 7, 43, 44, 49, 61, 62, 63, 83, 88, 89, 90, 94, 96. For this reason, and the reasons already stated, it is determined that Plaintiff's litigation has been frivolous and harassing and that Plaintiff is likely to continue wasting the Court's resources by filing new cases absent a vexatious litigant order.

*Fourth*, if Plaintiff were deemed a vexatious litigant, the relief imposed would be limited in nature. Specifically, Plaintiff would be required to obtain leave of court before filing any new case against Thompson, Holmes, or YouTube, or any new case related to the same events giving raise to Plaintiff's lawsuits against Thompson, Holmes, and YouTube, in the United States District Court for the Central District of California. If Plaintiff wishes to file any new case meeting those criteria, he will have to submit a copy of the Court's vexatious litigant order and a copy of the proposed filing with any motion seeking leave of court. If Plaintiff is not granted written permission to file within 30 days of the date of his motion for leave to file a vexatious litigation complaint, permission would be deemed denied. This restriction would not apply to any cases that fall outside the categories listed above, thus, for example, this restriction would not affect the cases that Plaintiff has already filed.

A pre-filing injunction is appropriate where a plaintiff's complaints are not only numerous, but also patently without merit. *In re Oliver*, 682 F. 2d 443, 445 (3rd Cir. 1982). Although Plaintiff's filings meet this standard, the proposed remedy described above is narrowly tailored to preempt Plaintiff's use of judicial time that properly could be used to consider the meritorious claims of other litigants.

For the reasons stated above, Plaintiff is **ORDERED TO SHOW CAUSE** via a written response within 21 days of the issuance of this Order why he should not be declared a vexatious litigant.

Plaintiff is further cautioned that he may not avoid a vexatious litigant finding merely by voluntarily dismissing any of the present cases, as "[e]ven when a plaintiff voluntarily dismisses a case, this Court retains the inherent authority to issue orders on matters collateral to the merits of the underlying case and to conduct sanction proceedings and impose any sanction for abusive conduct authorized by the federal rules of procedure or federal statutes." *Emrit v. Centers for Medicare & Medicaid Servs.*, 2015 WL 13738601, at *3 (D. Nev. June 16, 2015), *report and recommendation adopted*, 2016 WL 164992 (D. Nev. Jan. 14, 2016).

Plaintiff is expressly warned that failure to file a timely response to this Order will result in the dismissal of this action with prejudice for failure to comply with Court orders and failure to prosecute, and will similarly not preclude a vexatious litigant finding. *See* Fed. R. Civ. P. 41(b). Accordingly, if Plaintiff wishes to avoid being deemed a vexatious litigant, he must file a response to this Order explaining why the prior pleadings and motions listed above are neither frivolous nor harassing.

**IT IS SO ORDERED.**

Dated:  January 30, 2024

_____

John A. Kronstadt

United States District Judge