1
2
3
4
5
6
7
8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

TODD MICHAEL SCHULTZ,

Plaintiff,

v.

MICHAEL C. THOMPSON, et al.,

Defendant.

Case No. CV 23-10759 JAK (MRWx)

**ORDER RE: VEXATIOUS LITIGANT**

        Pursuant to Local Rule of Court 83-8, the Court finds Plaintiff
Schultz to be a vexatious litigant.  Plaintiff will be enjoined from filing
new civil actions in this district according to the terms stated in this order.

                                    * * *

        1.      Plaintiff Schultz is an active self-represented litigant in this
federal court.  In 2023 and 2024, he commenced at least four civil actions in
this Court.  (Nos. CV 23-3452 JAK (DTBx) (C.D. Cal.); CV 23-10715 JAK
(DTBx) (C.D. Cal.); CV 23-10759 JAK (MRWx) (C.D. Cal.); CV 24-545 JAK

(DTBx) (C.D. Cal.).)[1]  The gist of Plaintiff's claims broadly related to grievances with items posted on social media sites like YouTube and Twitter.

2.     Plaintiff's overall litigation conduct has been frivolous and abusive.  As previously recounted (Docket # 20), Plaintiff filed numerous unintelligible, duplicative, and bizarre complaints in the civil cases. Plaintiff improperly sought to name state court judges and officials as litigants.  Additionally, Plaintiff filed numerous frivolous, harassing, and burdensome motions seeking "emergency" relief from the Court and unwarranted discovery.  (Id. at 3-5 (listing actions and motions); # 83 (order from assigned magistrate judge).)  None had any merit, and none led to relief.

3.     In January 2024, the Court ordered Plaintiff to show cause why he should not be declared a vexatious litigant.  (Id.)  The Court's order explained the legal standard governing such a declaration.  The order also laid out the course of abusive litigation conduct across Plaintiff's various lawsuits that led the Court to issue the OSC.[2]

4.     Plaintiff's cursory responses to the OSC failed to adequately address the concerns about his litigation misconduct.  (Docket # 21 at 2, # 24.)

* * *

5.     Federal courts have the "inherent power" to enjoin "litigants with abusive and lengthy histories."  De Long v. Hennessey, 912 F.2d 1144,

---

[1]     Plaintiff commenced the latest action while these vexatious litigant proceedings were pending.

[2]     So too did an unsolicited response from the Wilson Sonsini firm. (Docket # 27.)  That submission amplified Plaintiff's misconduct, its impact on-the named defendants who appeared in the lawsuit, and, in various attached e-mails, highlighted Plaintiff's unprofessional actions and communications. (Docket # 27-1.)

1147 (9th Cir. 1990).  It is a power that should be used "rarely" and with "particular caution," as it is "an extreme remedy" that restricts an individual's constitutionally guaranteed access to the courts.  Id. (collecting cases).

6.     The Ninth Circuit requires a district court to closely consider four procedural and substantive factors before imposing such an order.  A district court must:

> (1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered."

Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1062 (9th Cir. 2014) (quoting De Long); L.R. 83-8.

7.     In evaluating the third (frivolousness of litigation) and fourth (need for limits) factors, the Court should consider:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007).

* * *

8.   Plaintiff's pattern of harassing and frivolous litigation falls well within a fair application of the De Long / Ringgold-Lockhart / Molski standards.

9.   First, Plaintiff received appropriate notice of the Court's intent to consider a vexatious litigant determination.  The Court issued a reasoned OSC that (a) explained the basis for the Court's proposed action and (b) gave Plaintiff an opportunity – which he took – to oppose the entry of a vexatious litigant order.  (Docket # 20; # 21 at 2; # 24.)

10.   Second, the Court's OSC listed the record-based reasons for which the vexatious litigant order was sought.  (Docket # 20.)  The Court identified the three then-pending (now four) frivolous civil actions in this district.  Within the order, the Court cited the filing of numerous repetitious complaints (five in the CV 23-3452 matter alone) and several dozen motions, applications, and ex parte requests in those cases.  (Id. at 5-6.)  That compilation provides an adequate basis for any potential appellate review of the Court's action.  Ringgold-Lockhart, 761 F.3d at 1062.

11.   Third, the Court has made numerous substantive findings regarding the frivolous and harassing nature of Plaintiff's litigation misconduct.  In particular, the Court has already concluded that Plaintiff's complaints: were "nearly impossible to understand"; were "so vague and ambiguous that Defendants could not reasonably have prepared a response"; and, to the extent that they named state court judges and court personnel covered by judicial immunity, were "patently frivolous[,] nearly incomprehensible" and "filed in bad faith for the purpose of harassing the

bench officer presiding over Plaintiff's case" in state court.[3]  (Docket # 20 at 3-4.)  The Court also firmly concluded that Plaintiff's extensive motion practice was "without any rational basis and sought inappropriate relief" on multiple occasions.  The Court's findings are sufficient to explain the illegitimacy of Plaintiff's <u>pro se</u> litigation pattern.  <u>Molski</u>, 500 F.3d at 1057.

12.  <u>Fourth</u>, the scope of the relief to be ordered against Plaintiff is limited in nature.  A pre-filing injunction to review a proposed new action fairly addresses Plaintiff's misconduct, which is at its most disruptive at the opening stage of a lawsuit.  The very act of naming a person in a frivolous lawsuit (which leads to the hiring of a lawyer, the submission of motions to a court, etc.) is how Plaintiff obstructs the operation of this Court.  No procedure short of pre-filing review can plausibly prevent or deter him from harming others.  The Court considered, but finds little likelihood of success, with alternative remedies such as financial sanctions to regulate this self-represented litigant's misconduct.  <u>Ringgold-Lockhart</u>, 761 F.3d at 1066-67.

* * *

---

[3]      The Court dismissed Plaintiff's recent (fourth) lawsuit (CV 24-545) at the IFP stage based on the futility of bringing civil rights claims against a private social media organization.

13.    Therefore, IT IS ORDERED that the Clerk of Court is prohibited from accepting any civil complaint from Plaintiff Todd Michael Schultz against Michael Thompson, Gregory Holmes, YouTube, or relating to the same or similar events that gave rise to Plaintiff's previous lawsuits in this district unless a judge of this court determines that the action is not duplicative or frivolous.

Dated: March 13, 2024                 _____

JOHN A. KRONSTADT
U.S. DISTRICT JUDGE

Presented by:

_____

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

6